UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LACY WALSH,

      Plaintiff,         Case No. 8:17-cv-2340-T-33JSS

v.

MK CENTENNIAL MARITIME B.V., ET AL.,

      Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Lacy Walsh's Motion to Strike Defendants' Affirmative Defenses, or Alternatively, for More Definite Statement (Doc. # 26), which was filed on January 4, 2018. Defendants MK Centennial Maritime B.V. and MMS Co., Inc. filed a Response in Opposition to the Motion (Doc. # 27) on January 17, 2018. For the reasons that follow, the Court grants the Motion with respect to the sixth and seventh Defenses. The Motion is otherwise denied.

## I. **Background**

After allegedly sustaining personal injuries in a boating accident, Plaintiff filed a state court action against Defendants. After being served with the Amended Complaint on September 5, 2017, Defendants removed the case on October 5, 2017, on the basis of admiralty jurisdiction. (Doc. # 1). Defendants separately filed their Answers and Affirmative

Defenses (Doc. ## 22, 23) on December 4, 2017.  On January 4, 2018, Plaintiff moved to strike Defendants' second, third, fourth, sixth, and seventh Defenses.  To summarize, the second, third, and fourth Defenses address comparative fault. The sixth Defense seeks a set-off for amounts collected from collateral sources. And, the seventh Defense asserts that, in maritime cases, prejudgment interest on non-economic losses is prohibited.

## II. <u>Legal Standard</u>

### A. <u>Motion to Strike</u>

Affirmative defenses are subject to the general pleading requirements of Rule 8.  Rule 8(b)(1)(A), Fed. R. Civ. P., requires that a party "state in short plain terms its defenses to each claim asserted against it."  Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed. R. Civ. P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." <u>Royal Ins. Co. of Am. v. M/Y Anastasia</u>, No. 95-cv-60498/RV, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997).

Thus, "[a]n affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(citation omitted). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

### B. Motion for a More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure states, "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the party cannot reasonably respond, even with a simple denial, in good faith, without

prejudice to itself." <u>Ramirez v. FBI</u>, No. 8:10-cv-1819-T23TBM, 2010 U.S. Dist. LEXIS 132271, at *4 (M.D. Fla. Dec. 14, 2010).

"In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a short and plain statement of the claim will suffice." <u>Betancourt v. Marine Cargo Mgmt., Inc.</u>, 930 F. Supp. 606, 608 (S.D. Fla. 1996). Such a motion is "intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." <u>Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship</u>, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996).

III. **<u>Analysis</u>**

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." <u>Bluewater Trading, LLC v. Willmar USA, Inc.</u>, No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). Rule 8(c)(1) includes a list of affirmative defenses, such as contributory negligence, assumption of risk, estoppel, laches, res judicata, and waiver.

Some of the Defenses at issue are not true affirmative defenses. That is, they do not admit the allegations of the

Amended Complaint but avoid liability based upon some negating factor. Nevertheless, the Court is not inclined to strike the Defenses, with the exception of the sixth and seventh Defenses.

As explained in <u>Ohio National Life Assurance Corp. v. Langkau</u>, No. 3:06-cv-290, 2006 U.S. Dist. LEXIS 60062, at *6-7 (M.D. Fla. Aug. 15, 2006):

> In attempting to controvert an allegation in the complaint, the defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology. The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.

<u>Id.</u> (citing 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1269 (2d ed. 1991), pp. 409-10).

In the Amended Complaint, Plaintiff claims to have suffered a permanent injury after a vessel she occupied was struck by a wake that rolled from Defendants' vessel. Among other allegations, Plaintiff asserts that Defendants acted negligently and carelessly by failing to properly train and supervise their crew, failing to keep their vessel under

control, failing to operate at a safe speed, and failing to observe the rules of the waterway.

## A.  __Second Defense__

In the second Defense, Defendants allege that the actions or failures to act on the part of Plaintiff must be taken into consideration when allocating fault.  Comparative negligence defenses are applied in maritime cases.  See generally, <u>Muhs v. River Rats, Inc.</u>, 586 F. Supp. 2d 1364, 1370 (S.D. Ga. 2008)("The court applies comparative fault rules to apportion damages in admiralty cases according to the relative fault of the parties.").  The Court has not been provided with a valid basis to strike or require a more definite statement of the second Defense.

## B.  __Third and Fourth Defenses__

The third and fourth Defenses raise issues as to whether another party, such as the "John Doe" named in the Amended Complaint, or other persons not yet known to the parties, caused or contributed to the incident alleged to have damaged Plaintiff.   These Defenses are appropriately raised under admiralty law.  <u>See</u> <u>generally</u>, <u>Tampa Port Auth. v. M.V. Duchess</u>, 65 F. Supp. 2d 1279, 1293 (M.D. Fla. 1997)("When two or more parties are at fault in causing property damages in a maritime collision, liability for such damage is to be

allocated among the parties proportionately to the comparative degree of their fault."). And, Plaintiff has not provided any reason to require a more definite statement as to these Defenses. See <u>Dunning v. Tang Thuyen</u>, No. 8:11-cv-2340-T-33TGW, 2012 WL 882549, at *2 (M.D. Fla. Mar. 15, 2012)("To the extent that any of the affirmative defenses are merely statements of law or legal conclusions as argued by Plaintiff, they still 'serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims.'" (citation omitted)).

### C. <u>Sixth Defense</u>

In their sixth Defense, Defendants allege that they are entitled to an off-set from any damages which may be awarded Plaintiff in this action to the extent of any amounts or benefits Plaintiff received from collateral sources for the injuries, damages, and losses alleged in the Amended Complaint.

Plaintiff argues that this Defense must be stricken and has supplied two admiralty cases in support of that position. In <u>Bourque v. Diamond M. Drilling Co.</u>, 623 F.2d 351, 354 (5th Cir. 1980), a Jones Act case, the court found it was error for the jury to consider that the injured seaman was receiving

workman's compensation payments.  The court further explained:
"In its simplest application, the [collateral source] rule
prohibits the introduction of evidence offered to show that
the [plaintiff] has already been compensated for his
injuries."

_Hillenburg v. Carnival Corp._, No. 16-22091, 2016 U.S.
Dist. LEXIS 146252 (S.D. Fla. Sept. 21, 2016) is also
illustrative.  There, a passenger on a cruise ship sustained
personal injuries after she was accidentally struck with a
golf ball.  _Id._ at *1. The defendant asserted that it was
entitled to a set-off for any collateral source payments,
similar to the sixth Defense in this case. _Id._ at *2.  The
court struck the defense and held: "Carnival may not introduce
evidence of benefits or payments made to Hillenburg by a
collateral source." _Id._ at *4.  The Court reaches the same
determination here and finds that Defendants are not permitted
to introduce evidence to show that Plaintiff has already been
compensated for the alleged injuries.  The Motion to Strike is
therefore granted as to the sixth Defense.

### D. **Seventh Defense**

Defendants assert in the seventh Defense that the general
maritime law of the United States does not permit recovery of
prejudgment interest on non-economic damages.  However,

Plaintiff points to several admiralty cases regarding personal injuries, which allow for prejudgment interest on pain and suffering. In <u>Baucome v. Sisco Stevedoring, LLC</u>, 560 F. Supp. 2d 1181, 1209 (S.D. Ala. 2008), the court held: "In personal injury cases under admiralty jurisdiction, prejudgment interest must be granted unless peculiar circumstances justify its denial. Such prejudgment interest awards apply even to general damage awards for pain and suffering, rather than being confined to special damages for liquidated amounts." (citations omitted). <u>See also</u> <u>Deakle v. John E. Graham & Sons</u>, 756 F.2d 821, 833 (11th Cir. 1985)(holding that an award of prejudgment interest on portion of verdict which represented recovery for pain and suffering and mental anguish was not an abuse of discretion).

In response, Defendants attempt to change their defense. They indicate that "it is the rule that pre-judgment interest cannot be recovered on any award for damages for *future* loss of earnings, *future* medical expenses and/or *future* pain and suffering." (Doc. # 27 at 5)(emphasis added). The Court determines that it is appropriate to strike the seventh Defense, as such Defense is presented in the Answer and Affirmative Defenses. (Doc. ## 22, 23). Defendants are not authorized to simply amend their Defenses in response to a

Motion to Strike. The deadline to amend the pleadings has long expired. (Doc. # 18 at 1). The Motion to Strike is therefore granted as to the seventh Defense.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Lacy Walsh's Motion to Strike Defendants' Affirmative Defenses, or Alternatively, for More Definite Statement (Doc. # 26) is **GRANTED** to the extent the Court Strikes the sixth and seventh Defenses. The Motion is otherwise **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of January, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE